Electronically Filed - Cole Circuit - January 30, 2020 - 03:16 PM

## IN THE CIRCUIT COURT OF COLE COUNTY, MISSOURI

| | | |
|---|---|---|
| TINA BUCCI,<br>Individually and as Next Friend of Minor R.B. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. _____ |
| | ) | |
| MISSOURI DEPT. OF ELEMENTARY<br>AND SECONDARY EDUCATION, | ) | DIVISION: _____ |
| | ) | |
| Serve at: 205 Jefferson St.<br>Jefferson City, MO<br>c/o Comm. Dr. M.Vandeven | ) | |
| | ) | |
| INDEPENDENCE PUBLIC SCH. DIST.,<br>and DR. DALE HERL (IN HIS OFFICIAL<br>CAPACITIES ONLY) | ) | |
| | ) | |
| Serve at: 201 N Forest Ave.<br>Independence, MO<br>c/o Dr. Dale Herl | ) | |
| | ) | |
| INDEPENDENCE PUBLIC SCH. DIST. BD.<br>OF EDUC. | ) | |
| | ) | |
| Serve at: 201 N Forest Ave.<br>Independence, MO<br>c/o Greg Finke, Pres. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| GRANDVIEW R-II SCH. DIST., | ) | |
| | ) | |
| [Hold Service] | ) | |
| | ) | |
| Defendants | ) | |

## PETITION FOR REVIEW

COMES NOW Tina Bucci ("Bucci"), individually and as Next Friend of minor R.B. ("Minor"), through counsel, and for her Petition for Review pursuant to RSMO §536, states as follows:

### Statement of Facts Applicable to All Counts

1. Bucci and her Minor reside in Independence, Missouri, within the geographic boundaries of Independence Public School District ("Independence").

2. Missouri Department of Elementary and Secondary Education ("DESE") resides in Cole County, Missouri for purposes of venue.

3. Independence is a Missouri school district; Independence Public School District Board of Education (the "Board") and Dr. Dale Herl ("Superintendent") are the elected board and, at all times relevant hereto, the superintendent thereof, respectively.

4. Grandview R-II Sch. Dist. ("Grandviw")is a Missouri school district, and operates the Missouri Virtual Academy ("MOVA"), as an approved provider under the Missouri Course Access and Virtual School Program (as established by RSMo § 161.670, "MOCAP")

5. Minor was enrolled in the Independence public school system for at least one (1) full semester prior to the underlying enrollment request.

6. Jurisdiction and venue are therefore proper in this Court under RSMo §508.010 and §536.050, 140 and 150.

7. On June 12, 2019, Bucci requested that Independence approve Minor's enrollment in online courses ("MOVA"), for the 2019-2020 school year, pursuant to Minor's right to participate in MOCAP.

8.     Pursuant to MOCAP, such approval would result in Independence paying (at least a portion of) Minor's MOVA tuition.

9.     Prior to June 12, 2019, Independence had not (as required by MOCAP), provided any notice to Bucci or any other students/parents of their right to seek enrollment in MOCAP courses, nor had it informed any students/parents of the process by which they could seek such enrollment, as it had not yet established any such process (let alone a process that, per MOCAP, is the same or substantially similar to its process of enrolling in regular/brick and mortar classes).

10.    Instead of informing Bucci of these rights and/or establishing proper processes, Independence, at the same time it signed the approval form which MOVA has school districts sign (per the requirement of MOCAP) before proceeding to enroll them in their MOCAP offerings, attached hereto as Exhibit A (the "Approval"), required Bucci to sign a letter stating that she would be "home-schooling" Minor.

11.    At no time, did Bucci wish to home-school Minor, or enroll Minor in MOVA other than at the expense of Independence pursuant to their rights under MOCAP.

12.    Independence has stated that having Bucci sign this document exempts them from any statutory responsibility for Minor's MOVA tuition.

13.    On information and belief, Independence similarly violated the statutory rights of at least eleven (11) families requesting MOVA enrollment, and continues to do so, to this day, as to all students who have not been provided proper, statutorily required notice of their right to request such enrollment.

14.    More specifically, despite explicit MOCAP requirements, the Independence website only lists the availability of ANY online courses available through MOCAP, in the small print

links at the bottom of the page, under the cryptic heading REGULATORY & COMPLIANCE.

15. Regardless of Independence's attempts to force Bucci to withdraw Minor's enrollment, MOCAP only requires that the student requesting enrollment have been enrolled in a Missouri public school during (at least) the semester **prior** to the enrollment requested.

16. Independence admits that Minor was enrolled in a Missouri public school during the several semesters preceding her requested MOCAP enrollment.

17. As such, Independence's violations of student/parent rights are as statutorily irrelevant as they are (either) an honest mistake or a calculated fraud.

18. Regardless, on June 12, 2019, Independence signed the Approval, and Bucci thereafter enrolled Minor in the MOVA program.

19. Independence, the Board, and on information and belief DESE, have claimed that this approval is invalid, pursuant to Board Policy1721, limiting employee authority to enter into contracts.

20. MOCAP, however, provides only for tuition reimbursement (not an independent contract with the MOCAP provider), unless a determination of student best interest permits a student's statutory enrollment request to be denied.

21. No contract was formed when Independence signed the Approval, nor did it establish the MOCAP prerequisite for enrollment denial, i.e. that it was not in Minor's best interest (quite the opposite).

22. By signing the Approval, Independence admitted, in fact "certifie[d] that the Student's enrollment in [MOVA] is in the best educational interest of Student."

23. Such certification was within the scope of the signing employee's enrollment duties.

24. Superintendent authorization is not required for enrollment in regular courses.

25. To the extent Appellees suggest his signature is/was required regarding "official matters pertaining to the School District," MOCAP only requires a determination that enrollment WOULD NOT be in the student's best interest.

26. No determination, by a superintendent or otherwise, is necessary to approve MOCAP enrollment.

27. The Approval merely certifies that MOCAP enrollment cannot be denied due to the school's determination that it is not in Minor's best interest.

28. Independence has suggested that such certification was mistaken, in that it was made because their employee believed MOVA enrollment was a type of "home-schooling."

29. While certainly a fine, albeit self-serving convenience, the best interest of a student does not change based on the classification/label placed on the program.

30. The failure to make such determination is likewise unrelated to this classification.

31. The certification (that no determination was made that enrollment was not in Minor's best interest) was valid, and the resulting automatic enrollment approval cannot be amended/reversed except as provided by MOCAP.

32. No such process was followed.

33. Instead, on August 1, 2019, Independence wrote to Bucci (the "Reversal"), attached hereto as Exhibit B.

34. The Reversal does not mention Minor's enrollment status, or her best interest.

35. The Reversal suggests only that the Approval did not create a contract with MOVA, as the school is not required to contract with programs that are not MOCAP approved.

36. Again, no contract is necessary to fulfill Defendants' statutory obligation to pay MOCAP tuition.

37. Moreover, MOVA was MOCAP approved at that time, as was confirmed by Cole County Court Order, dated just four (4) days later. See *Estill v. DESE*, et al, 19AC-CC00293.

38. Independence did not contact Bucci to correct the Reversal in light of this Order, or inform her that they would not honor the Approval, until after MOVA sent them a bill in October.

39. Despite never being informed of her right to appeal a denial of enrollment (assuming the Reversal has any legal effect), as is required by MOCAP, Bucci nevertheless demanded to be heard by the Board.

40. On October 29, 2019, Superintendent wrote to Bucci (the "Notice"), attached hereto as Exhibit C.

41. In the Notice, Independence set out the procedure by which their own decision/denial/Reversal would be heard by the "independent" Board.

42. More specifically, the Notice states that the "Board hearing" will occur on December 10th, at 7:00 p.m. (Counsel shared by the appellee/reviewing Board, later suggested that the term "hearing" was yet another unauthorized promise/misstatement.)

43. Unbelievably, the process afforded Bucci and Minor included a ten (10) minute limit on their presentation of facts, no limit on Independence's ability to ague beyond the scope of the reasons set out in the Reversal (which did not comply with the writing required by MOCAP), allowance of such new reasoning to be presented the day of the hearing (which included nearly 200 pages of documents allegedly supporting same), and the exclusion of counsel "because there is no right of counsel for this kind of appeal hearing…."(emphasis added).

44. Bucci brought counsel, and true to the word of the Appellee over which they were about to preside, the "independent" Board refused to even permit him access to the hearing, where Bucci was interrogated by the Board (who presented the only factual record to DESE on which they conducted their subsequent statutory review).

45. Bucci was not allowed to similarly ask questions of Independence.

46. Such process violated the statutory and Constitutional rights of Bucci and Minor to a fair hearing and economical redress of preceding violations of their rights.

47. Bucci did, pursuant to MOCAP, provide her facts/reasoning in writing.

48. On December 16, 2019, the Board issued its written decision (the "Initial Appeal Decision"), a true and accurate copy of which (redacted as to Minor's personal information) is attached hereto as Exhibit D.

49. The reasons set out in the Initial Appeal Decision, even their organization, are virtually identical to those in the written response to Bucci's demand for appeal, provided by Independence on the day of the hearing.

50. Moreover, the Initial Appeal Decision is largely identical (except as described below) to another Board decision upholding a similar enrollment denial, dated December 10, 2019, and on information and belief (and because no facts presented by Bucci were included therein) was prepared in advance of the Bucci hearing of the same date, so that it could be adopted without a special session, as the next board meeting would not be held until January 14th, 2020, i.e. beyond the thirty (30) day requirement provided by MOCAP.

51. More specifically, the Board states that Minor did not meet enrollment requirements, did not provide sufficient facts to prove her own best interest, and does not deserve the same

review process as other students because she was on an Individualized Education Program (an "IEP") that MOVA may not be able to satisfy as well as Independence.

52. No facts presented by Bucci were included in the Initial Appeal Decision (and as such, these facts were not reviewed by DESE, as described below).

53. Not even the fact that the Approval was signed, was included in the Initial Appeal Decision, nor was the fact that Independence attached a redacted copy of the Approval, removing its signature, in its written submission to this "independent" tribunal.

54. Pursuant to MOCAP, DESE is to review the Board's decision upon further appeal.

55. Bucci so appealed to DESE on or about December 23, 2019, thus exhausting any/all administrative remedy.

56. DESE's response merely upheld the Initial Appeal Decision without analysis. See "DESE Appeal Decision" attached hereto as Exhibit E.

57. DESE accepts such appeals through its website, but only permits the appellant to upload the written decision of the board of education at issue.

58. As such, the DESE Appeal Decision, reviewing an "independent" board, whose process was dictated by the appellee district, was based only on the facts the Board wished to be reviewed, which on information and belief, were prepared before any facts from Bucci were even submitted, and either way, included no such facts presented by Bucci.

59. DESE, additionally, state(d/s) that it will not review board decisions other than for appropriate application/interpretation of MOCAP.

60. In other words, this Court will be the first to provide a full review of facts, pursuant to a process that is not being made up as it goes along, in unilateral and vertically integrated, if not coordinated, fashion.

61.    Regardless, in an appeal from another Independence family (ruled on by DESE at the same time as DESE Appeal Decision), DESE overruled an Independence decision which was based on all of the legal factors relied upon in the Initial Appeal Decision (which related to Independence's post-Approval change of heart, i.e. that it must perform an assessment of a program already approved/deemed sufficient under MOCAP); save Minor's enrollment status and her IEP.

62.    As such, the process by which Bucci requested enrollment approval is insufficient to deny enrollment based on best interest, by DESE's own standards/admissions.

63.    As such, Independence's inability to assess MOVA, or any other MOCAP approved course, as to technical requirements and/or teach qualifications, is insufficient to deny enrollment based on best interest, by DESE's own standards/admissions.

64.    However, this same inability to asses MOVA has simply been extended (by the Board and Independence) in this case, to MOVA's ability to provide for Minor's IEP.

65.    No appellee has any fact suggesting MOVA cannot handle this IEP.

66.    More importantly, no appellee has any right to demand that a more stringent review (of access to MOCAP approved programs) be applied to students dealing with disabilities.

67.    To be perfectly clear though, Independence has no fact suggesting MOVA cannot handle this IEP, and has no right to demand that a more stringent review (of access to MOCAP approved programs) be applied to students dealing with disabilities.

68.    The Board has no fact suggesting MOVA cannot handle this IEP, and has no right to demand that a more stringent review (of access to MOCAP approved programs) be applied to students dealing with disabilities.

69.    DESE has no fact suggesting MOVA cannot handle this IEP, and has no right to demand that a more stringent review (of access to MOCAP approved programs) be applied to students dealing with disabilities.

70.    In fact, DESE has stated that, in upholding the denial of Minor's enrollment request, they relied, underlined, upon the District's/Board's argument that Minor had withdrawn her enrollment, i.e. not on any determination of her best interest, discriminatory or otherwise.

71.    These constitutional limitations apply regardless of whether the travesty that occurred on December 10, 2019, is classified as a hearing or meeting, and regardless of the standard of review applied in reviewing same.

72.    As a result of DESE's failure to overturn the Independence/Board decisions, Grandview called Bucci, informing her that as of January 31, 2020, Minor is no longer enrolled in its MOVA program.

73.    As such, Bucci will be forced to send Minor to Independence, where she will be behind her classmates (made all the worse by her IEP).

### Count I – Declaratory Judgment

74.    All preceding paragraphs are incorporated herein by reference.

75.    Independence approved Minor's enrollment in MOVA.

76.    Independence did not amend or otherwise withdraw such approval or course offering pursuant to MOCAP requirements.

77.    Bucci specifically requested that Independence provide such approval, so that MOVA would be able to bill Minor's tuition to Independence, as required under MOCAP.

78.    Independence knew that it was responsible for such tuition, and convinced Bucci to sign a document it knew was against her wishes and interest, in order to avoid this obligation.

79. Independence did not inform Bucci of her and Minor's MOCAP rights, as statutorily required, but rather concealed these rights for its benefit.

80. Alternatively, Independence did not understand MOCAP and obtained Bucci's consent to home-schooling through mutual mistake of fact and law.

81. Regardless, Minor was enrolled in a Missouri public school during the semester prior to her requested enrollment in a MOCAP program.

82. As such, Minor was and is entitled to participate in MOCAP.

83. Additionally, MOVA is an approved MOCAP provider.

84. As such, MOVA programs/courses are not subject to independent confirmation of all possible technical compliance issues with Missouri teaching/scholastic standards but every school district in the state.

85. As ruled by DESE, that a district cannot confirm such factors does not permit it to rule that enrollment in a MOCAP approved course/program is not in any student's best interest.

86. Such factors include a MOCAP approved provider's general/unknown (in)ability to address a student's/Minor's IEP.

87. To do otherwise would burden the disabled without any basis in fact or law, substantial or otherwise.

88. As such, no rational, reasonable, non-arbitrary, non-capricious basis to deny Minor's enrollment, or uphold same on appeal, has been presented.

WHEREFORE, Plaintiff/Appellant requests an Order declaring: that Minor is approved for enrollment in MOVA as of June 2019, and on an ongoing basis; that Minor is and has been at all times relevant hereto, enrolled in Independence; that Defendants may not consider general MOVA

qualities when making any MOCAP enrollment decisions as to Minor or any other student; that Defendants may not consider general MOVA qualities regarding its ability to accommodate an IEP, of Minor or any student, when making any enrollment decisions under MOCAP; that Independence has violated and is violating MOCAP by failing to properly inform students of their rights thereunder; that Independence violated Bucci and Minor's MOCAP rights in this regard, specifically; that the appeals process constructed by Defendants violated the rights of Bucci and Minor, creating incurable prejudice; that Independence may not prohibit Minor from taking any MOVA course at the location of her/her parents' choosing, or otherwise threaten her enrollment status as a result of such choice; that Independence may not require Minor to submit to any oversight of progress more frequently than once per semester, or otherwise threaten her enrollment status as a result of any more frequent demands made on MOVA, as well as an award of attorney fees incurred throughout the administrative appeal process, and other relief deemed just including remand subject to these orders.

### Count II – Temporary Restraining Order; and Preliminary and Permanent Injunction

89.  All preceding paragraphs are incorporated herein by reference.

90.  Bucci and Minor will suffer immediate harm if Minor's enrollment is not approved, or the offenses listed hereinabove are permitted to continue, and such harms cannot be remedied by money damages.

91.  Bucci and Minor will suffer immediate harm if Minor's enrollment in MOVA is not continued, or the offenses listed hereinabove are permitted to continue, and such harms cannot be remedied by money damages. See Rule 92.02 Affidavit of Tina Bucci, to be presented at the initial injunction hearing.

92.  Bucci is likely to prevail on the merits.

WHEREFORE, Plaintiff/Appellant requests temporary, preliminary, and permanent equitable relief, providing: that Minor shall not be removed from MOVA classes pending outcome of this matter or appeal of the denial of the requested temporary/preliminary relief; that Minor shall be approved for enrollment in MOVA as of June 2019, and on an ongoing basis; that Minor is and has been at all times relevant hereto, enrolled in Independence; that Defendants may not consider general MOVA qualities when making any MOCAP enrollment decisions as to Minor or any other student; that Defendants may not consider general MOVA qualities regarding its ability to accommodate and IEP, of Minor or any student, when making any enrollment decisions under MOCAP; that Independence has violated and is violating MOCAP by failing to properly inform students of their rights thereunder; that Independence violated Bucci and Minor's MOCAP rights in this regard, specifically; that the appeals process constructed by Defendants violated the rights of Bucci and Minor, creating incurable prejudice; that Independence may not prohibit Minor from taking any MOVA course at the location of her/her parents' choosing, or otherwise threaten her enrollment status as a result of such choice; that Independence may not require Minor to submit to any oversight of progress more frequently than once per semester, or otherwise threaten her enrollment status as a result of any more frequent demands made on MOVA, as well as an award of attorney fees incurred throughout the administrative appeal process, and other relief deemed just.

### Count III – Equal Protection (against Independence and the Board)

93.     All preceding paragraphs are incorporated herein by reference.

94.     Minor is a member of a protected class.

95.     Minor had a right to request enrollment in MOVA, and a right to such enrollment in the absence of a determination that such enrollment was not in her best interest.

96. Minor was treated differently because of her membership in the protected class, by Independence and the Board, when her MOVA enrollment approval was denied and then upheld due to her having an IEP.

97. There was no justification for such disparate treatment, whether narrowly tailored to further a compelling interest, or even rational.

98. MOVA is a MOCAP approved provider, and qualified under the same Missouri standards as is Independence, to educate students with an IEP.

99. Minor's IEP does not reference or relate to online classwork.

100. Minor was injured as a proximate result of this violation of her rights under the Missouri Constitution.

WHEREFORE, Plaintiff/Appellant requests damages in an amount deemed just and in excess of $25,000.00, attorney fees, and other relief deemed just and necessary.

Respectfully submitted,

THE SCHINDLER LAW FIRM, P.C.,

Joshua M. Schindler, #37891
Brian P. Doty, #61391
141 North Meramec, Suite 201
Saint Louis, MO 63105
Tel: (314) 862-1411
Fax: (314) 862-1701
josh@schindlerlawfirm.com
*Attorneys for Relator/Plaintiffs*

# Grandview R-2 School District

**CERTIFICATION FOR NON-RESIDENT STUDENT TO ENROLL FULL-TIME IN MISSOURI VIRTUAL ACADEMY (MOVA)**

**INSTRUCTIONS:** Submit the fully completed Certification form to your resident school, resident school district, or charter official for approval and upload to the K12/MOVA Parent Portal - www.k12/MOVA.com (along with any other documents required by your resident school district). *
*If your resident school district has a Board approved application form – please ensure you include as well.

# MISSOURI VIRTUAL ACADEMY

POWERED BY K12

*School Year for which Full-time enrollment is requested*
**2019-2020**

## I. GENERAL INFORMATION

To be completed and signed by the parent or legal guardian and student (or just the student if age 18 or older). This form must be submitted to and signed by the School District Official / Charter School Official of the student's resident school district.

| Legal Name of Student *First, Middle Initial, Last (A separate form must be completed for each student)* | Sex | Birthday (Mo/Day/Yr) |
|---|---|---|
| ▇▇▇ | | ▇▇▇ |

| Student Ethnicity | Student Race | MOSIS Number |
|---|---|---|
| ▇▇▇ | ▇▇▇ | ▇▇▇ |

| Name of Legal Parent or Guardian | Relationship to Student | Home Phone (Area Code/Number) |
|---|---|---|
| Tina Bucci | Mother | ▇▇▇ |

| Work Phone (Area Code/Number) | Cell Phone (Area Code/Number) | Email |
|---|---|---|
| | ▇▇▇ | ▇▇▇ |

| Mailing Address | City | State | Zip Code |
|---|---|---|---|
| ▇▇▇ | Independence | MO | 64056 |

| Physical Address (*if different than above*) | City | State | Zip Code |
|---|---|---|---|
| | | | |

What grade will the Student be in for the 2019-20 school year?

K ☐  1 ☐  2 ☐  3 ☐  4 ☐  5 ☐  6 ☑  7 ☐  8 ☐  9 ☐  10 ☐  11 ☐  12 ☐

## II. SCHOOL INFORMATION

**Name of Resident School District** (This is the school district you are currently attending)

Randell Elem.

**Name of School or Charter School** (This is the school or charter school you are currently attending)

509 Jennings Rd. Indep, MO 64056

**Address of School or Charter School** (This is the school or charter school you are currently attending)

Gretchen Wheaton-Weston

**Name of School Counselor** (Please print)

Email: gretchen_wheaton_weston @isdschools.org

*This application is not complete until Page 2 is completed and signed*

**EXHIBIT**

*Page 1*

| Yes | No | |
|-----|-----|---|
| ☑ | ☐ | Will the student have attended the resident school district or charter school Full-time for the semester immediately prior to enrolling in the virtual program? |
| ☐ | ☐ | If no, does the student have a documented medical condition or psychological diagnosis that prevented the student from attending a school in the resident district the prior semester? |
| ☑ | ☐ | I understand that I will need to acquire and submit an updated transcript or report card to Missouri Virtual Academy prior to enrollment approval. |

## III. REQUEST AND CERTIFICATION OF BEST EDUCATIONAL INTEREST OF STUDENT

Pursuant to the Missouri Course Access and Virtual School Program Law (Mo. Stat. 161.670), Student requests approval from School to enroll in Missouri Virtual Academy (MOVA) for the 2019-2020 School Year. MOVA is an approved program provided by the Grandview R-2 School District under Mo. Stat. 162.1250. The undersigned parent or guardian recognizes that state law provides the option for a student to receive instruction in a virtual setting using technology, intranet, and/or internet methods of communication and certifies that the Student's enrollment in the Virtual Program is in the best educational interest of Student. Expedited review and approval is requested.

## IV. SIGNATURES (Required)

All the information provided in this agreement is accurate and complete.

| Signature of Parent or Legal Guardian (if student is less than 18 years old): | Date Signed (Mo/Day/Yr) 6/12/19 |
|---|---|
| Signature of Resident School/Resident School District or Charter Official: | Date Signed (Mo/Day/Yr) 6-12-19 |

## V. INSTRUCTIONS

**Instructions to Student and Legal Guardian**

Complete this application as part of the enrollment process in the Missouri Virtual Academy (MOVA), a virtual program of the Grandview R-2 School District.

- Complete all information in Section I and II
- Sign Section IV and send or deliver this application to your Resident School, Resident District Official or Charter School Official for permission/signature to enroll.
- Upload a copy of the completed application to the Missouri Virtual Academy Parent Portal – www.k12/MOVA.com

The resident school district or charter school may only deny this request for "good cause" by determining that enrollment in the virtual program or courses is not in the educational best interest of the student. The reason for any denial must be stated in writing and students must have any opportunity to appeal the denial to the local school district board or the board of the charter school. The governing board must issue their decision in writing within 30 calendar days of the official board hearing. Student may appeal a decision of the governing board to the department of elementary and secondary education which shall provide a final enrollment decision within seven calendar days.

Electronically Filed - Cole Circuit - January 30, 2020 - 03:16 PM

**INDEPENDENCE SCHOOL DISTRICT** • *"Inspiring Greatness"*

201 N. FOREST AVENUE, INDEPENDENCE, MO 64050 • (816) 521-5300

August 1, 2019

Tina Bucci
17301 E. Cheyenne Drive
Independence, MO 64056

Dear Ms. Bucci,

You have expressed interest in enrolling your student in the Missouri Virtual Academy (MOVA). MOVA is not an approved Missouri Course Access and Virtual School Program (MOCAP) provider. This letter is to let you know the Independence School District will not approve your student's enrollment in MOVA at the District's expense. This decision does not mean that you cannot enroll your student in MOVA; however, it does mean that the District will not pay for your student's MOVA courses.

Under § 162.1250, RSMo., the District has the option to contract with virtual course providers outside of MOCAP, if the provider meets certain criteria. The District does not have such an agreement with MOVA, and the enrollment form you provided to the District does not create such an agreement.

If you would like to discuss your student's course schedule or any educational concerns you may have, please do not hesitate to contact me.

Sincerely,

Mr. Randy Maglinger
Assistant Superintendent
Independence School District

Mr. Randy Maglinger – Assistant Superintendent of Secondary Education





EXHIBIT
B

Electronically Filed - Cole Circuit - January 30, 2020 - 03:16 PM



*Dr. Dale Herl, Superintendent*
*201 North Forest Avenue*
*Independence, MO 64050*
*(816) 521-5300*

October 29, 2019

Ms. Tina Bucci
17301 E. Cheyenne Drive
Independence, MO 64056

> RE: MOCAP Appeal Hearing Notice

Dear Ms. Bucci:

The District is in receipt of your October 28, 2019, request for a Board hearing regarding the administration's decision that the virtual course(s) you requested were not in your student's best educational interest.

The Board hearing will take place on December 10, 2019, at 7:00 p.m. at 201 North Forest Avenue, Independence, Missouri 64050. The hearing will be held in closed session at approximately 7:00 p.m. Please plan to arrive by 6:45 p.m.

During the hearing, you must provide written reasons why you disagree with the administration's decision that the virtual course(s) is not in your student's best educational interest.

You will also be given ten (10) minutes to address the Board.

Because there is no right of counsel for this kind of appeal hearing, attorneys will not be permitted at the Board's meeting.

The administration will also provide written reasons regarding why it was determined that the course(s) was not in your student's best educational interest, and will be given ten (10) minutes to address the Board.

Your and the administration's written documentation will be submitted to the Board and will be included in the Board meeting minutes.

Please provide us with the written information you wish to present to the Board, as well as the individual learning plan designed by the Missouri Virtual Academy (MOVA) by November 29, 2019.

If you have any questions, please direct them to me.

Sincerely,

Dr. Dale Herl, Superintendent

*An Equal Opportunity Employer*

EXHIBIT

C

Electronically Filed - Cole Circuit - January 30, 2020 - 03:16 PM

**Independence School District MOCAP Decision**
**Regarding: R████ Bucci**

## DECISION

Under § 161.670.3(2), the Independence School District ("District") Board of Education ("Board") upholds the District administration's determination to deny an application to enroll R████ Bucci in the Grandview R-II School District-Missouri Virtual Academy ("MOVA"), a provider under the Missouri Course Access and Virtual School Program ("MOCAP"), because the student is not enrolled in the District and not eligible to enroll in MOCAP, and because enrollment is not in the best educational interest of the student.

### Procedure

On June 12, 2019, Ms. Tina Bucci, R████'s mother ("Parent"), submitted a request for R████ to enroll in MOVA. That request was not submitted to the District through its MOCAP application process. Also on June 12, 2019, Parent unenrolled R████ from the District by filing a "Declaration of Enrollment in Home School".

The District on August 1, 2019, notified the Parent that it denied the request because MOVA was not an approved MOCAP provider.[1] The District further notified Parent that although it would not approve R████'s enrollment in MOVA at the District's expense, that Parent could still enroll R████ in MOVA courses, at her expense.

On August 21, 2019, District administration spoke with MOVA's principal, Mr. Steven Richards, regarding R████ being enrolled in MOVA. Mr. Richards was notified that R████, along with 10 other students, had not gone through the District's MOCAP application process to be considered for approval. Mr. Richard was encouraged to un-enroll R████ and the other students since they had not gone through the District approved MOCAP application process. Rebecca was not un-enrolled by MOVA, however, as the District received an October 1, 2019, invoice from MOVA indicating her enrollment in the program on August 19, 2019.

On October 28 2019, the Parent requested an appeal before the Board of Education of the District's enrollment determination. On October 29, 2019, the District notified Parent that the appeal before the Board of Education would occur on December 10, 2019. Parent was further advised that during the appeal that she must provide written reasons why she disagreed with the District's determination that R████'s enrollment in MOVA was not in her best educational interest.

---

[1] An Admissions Specialist with the District initially signed off on Parent's MOVA request, however, under Board Policy 1721 that individual did not have authority to enter into a contractual educational placement.

**EXHIBIT**

written materials provided by the Parent are attached hereto in Exhibit A, which contains the Minutes from the Board of Education meeting, the Parent's written materials, and the District administration's decision and supporting documentation. The administration was then given 10 minutes to discuss its determination that the student was not eligible to enroll in a MOCAP program through the District and that the student's enrollment in MOVA was not in the student's best educational interest. The administration provided their written decision along with supporting documentation.

After completion of Parent and the administration's presentations to the Board, the Board concluded that portion of its meeting.

## Standard

Section 161.670, RSMo, provides that any student under the age of twenty-one (21) in grades kindergarten through twelve (12) who reside in Missouri shall be eligible to enroll in MOCAP. That section provides:

1. The student is enrolled full-time in and has attended, for at least one semester immediately prior to enrolling in MOCAP, a public school, including any charter school; except that, no student seeking to enroll in MOCAP courses under this subdivision shall be required to have attended a public school during the previous semester if the student has a documented medical or psychological diagnosis or condition that prevented the student from attending a school in the community during the previous semester; and

2. Prior to enrolling in any MOCAP course, a student has received approval from his or her school district or charter school through the procedure adopted by the Board of Education of the district. If the school district or charter school disapproves a student's request to enroll in a course or courses provided by MOCAP, including full-time enrollment, the reason shall be provided in writing and it shall be for "good cause". "Good cause" justification to disapprove a student's request for enrollment in a course shall be a determination that doing so is not in the best educational interest of the student.

## Analysis

The Board's ultimate goal is to make sure that all of the District's students are provided the highest quality educational experience. In determining that she was not eligible to enroll in a MOCAP program through the District and that enrollment in MOVA is not in R███████'s best educational interest the Board of Education considered the following information and records:

- Information and documentation provided by Parent at the meeting;
- The written recommendations of the administration;

2

- R████'s current and historical grades;
- R████'s in-class abilities and if they may translate well into virtual education;
- R████'s completion of other Virtual Learning Courses in the District;
- R████'s general health, and if it prompts or limits her participation in school or in a virtual course;
- R████'s access to technology and her technological skill level;
- R████'s historical educational performance and if it indicates a likelihood of her succeeding in MOVA's courses;
- If the District offers a similar course(s), and the rigor of MOVA's course(s) compared to the District's;
- If R████ has passed any required prerequisite courses in the District;
- MOVA's ability to meet R████'s specific cognitive, processing, language, and executive functioning needs;
- If R████'s social and emotional needs would be met through virtual learning;
- If MOVA's course(s) align with the Missouri Learning Standards and District Standards, including curriculum and graduation requirements;
- If the MOVA's course(s) would properly prepare R████ for any required state assessments;
- If MOVA's course(s) meet the District's Web Content Accessibility Guidelines;
- If MOVA and its technology vendor(s) securely maintain and monitor confidential data;
- R████'s Individualized Education Program and specific accommodations;
- R████'s access to the Advancement Via Individual Determination (AVID) program;
- R████'s Individualized Learning Plan;
- The performance-based evaluation system and processes, if any, followed by MOVA in evaluating its teachers, and
- If other students who have chosen to attend MOVA have progressed towards meeting Missouri Learning Standards, and those students overall academic performance.

After considering the foregoing information, reviewing the written reasons provided by Parents and the District, and materials provided by Parents and the District, the Board of Education **upholds** the administration's determination, for the following reasons:

- R████'s MOCAP application process was not submitted to the District's Admissions Office.
- R████ is not enrolled in the District as a full-time student because she was enrolled in home school, effective June 12, 2019. Consequently, R████ is ineligible to enroll in MOCAP through the District. *See* § 161.670, RSMo.
- The information submitted on behalf of Rebecca failed to provide adequate information regarding:

3

- o If the requested MOVA program meets appropriate curriculum requirements, or contains sufficient rigor according to the District's standards.
- o If R█████ has passed any required prerequisite courses necessary.
- o If MOVA has capability to meet R█████'s cognitive, processing, language and executive functioning needs.
- o If R█████'s social and emotional needs would be met through a virtual setting. In comparison, Bridger Middle School within the District provides school counseling opportunities, Signs of Suicide supports and access to resources through outside partnerships.
- o If the MOVA course(s) align with Missouri Learning Standards and District Standards, including curriculum and graduation requirements.[2]
- There is insufficient information provided to the Board of Education indicating that MOVA's course(s) or program meets Web Content Accessibility Guidelines, and if MOVA and its vendors securely maintain and monitor confidential data.
- R█████ would not have access to the District's Advancement Via Individual Determination (AVID) program if enrolled in MOVA.
- The District is unable to determine whether MOVA would insure that all requirements under R█████'s IEP would be met, and that MOVA would adhere to the requirements outlined under the IDEA related to R█████'s instruction.
- The District is unable to determine if R█████'s needs could be met and supported through a virtual setting, without the weekly and daily support coordinated between her regular education teachers and District staff providing her special education services.[3]
- The District is unable to determine if the following accommodations found in her IEP will be provided to R█████ to ensure her success at school when taking classes through MOVA:
  - o Receiving adapted or simplified text/materials.
  - o Reading aloud of tests
  - o Taking tests in an alternative setting
  - o Modifying assignments to a lower level.
  - o Shortening of assignments.

---

[2] Because the District assumes responsibility for MAP testing and performance, it is necessary for the District to analyze alignment of curriculum with Missouri Learning Standards and District Standards to ensure the opportunity for high quality instruction.

[3] Prior to un-enrolling from the District, R█████'s IEP provide her with 418 minutes a week outside the regular classroom. She also received services in the special education classroom, including:

- Basic Reading - 90 minutes.
- Reading Fluency – 60 minutes.
- Written Expression – 100 minutes.
- Language Therapy – 180 minutes per month serviced as 60 minutes across 3 weeks.
- Sound System Therapy – 90 minutes per months serviced as 30 minutes across 3 weeks.

Rebecca's IEP also addresses that R█████ enjoys participating in small group conversation during therapy sessions, and that she gets along with peers in her groups and while in the school setting.

4

- o Providing directions to Rebecca for assignments in a variety of ways;
- o Extending time for completion of assignments;
- o Repeated review and drill from R███████'s teachers, and
- o Teachers checking often to ensure R███████ understands the materials and reviewing them with her.
- The Board of Education is unable to determine how, or if, the performance of MOVA's teachers are evaluated. Therefore, the Board of Education cannot determine if MOVA's teachers are held to the same high quality performance standards as the District's teachers, and
- The Board of Education is unable to determine if students who have chosen to attend MOVA progress towards meeting Missouri Learning Standards or illustrate academic performance.

### Summary

For the foregoing reasons the Board of Education upholds the Independence 30 School District administration's determination that R█████ Bucci is not enrolled in the District and, therefore, not eligible to enroll in Grandview R-II School District-Missouri Virtual Academy, and that it is not in the best educational interest of R█████ Bucci to enroll in the Grandview R-II School District-Missouri Virtual Academy.

SO ORDERED on December _16_, 2019.

Mr. Greg Finke
President, Board of Education

Electronically Filed - Cole Circuit - January 30, 2020 - 03:16 PM

**From:** dese.mocap@dese.mo.gov [mailto:dese.mocap@dese.mo.gov]
**Sent:** Monday, December 30, 2019 12:21 PM
**To:** Josh <Josh@schindlerlawfirm.com>; todd_theen@isdschools.org
**Cc:** dese.mocap@dese.mo.gov
**Subject:** Appeal DESE Denied Notification

This notification was sent automatically by the Missouri Course Access and Virtual School Program (MOCAP) System. Please do not reply to this email address because it will not be directed to any MOCAP staff.

DESE has upheld the local school district denial. Student Bucci, Rebecca is denied enrollment in the following MOCAP course:

Course Name : Full time

The appeal was submitted: 12/23/2019

DESE decision: 12/30/2019

If this is an error, please log into the MOCAP Parent Portal and make the appropriate changes. Go to https://sdm.sisk12.com/mocap

Sincerely,

MOCAP Staff
Website: https://mocap.mo.gov
Email: dese.mocap@dese.mo.gov



EXHIBIT
E